IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States *ex rel.* Kevin McDonough, | : | |
| | : | Civil Action 2:08-cv-0114 |
| Plaintiff | : | Judge Marbley |
| v. | : | Magistrate Judge Abel |
| Symphony Diagnostic Services and Symphony Diagnostic Services No. 1, d/b/a Mobilex U.S.A., | : | |
| Defendants | : | |
| | : | |

## Discovery Dispute Conference Order

On January 7, 2013, counsel for the parties participated in a telephone discovery dispute conference with the Magistrate Judge.

Plaintiff McDonough earns his living as a consultant to portable x-ray providers. He gives them advice about marketing systems, marketing strategy, business valuation, certification, licensing, entering new markets, and the like. Defendants' Requests for Production Nos. 24 (documents reflecting pricing information/procedures for mobile x-rays) and 25 and Interrogatory No. 10 (clients McDonough has consulted with about pricing of moblile x-ray services) seek documents/information about pricing of mobile x-ray services. Paragraph 16 of the Complaint alleges that McDonough bases the allegations in the complaint about pricing on his direct knowledge as a consultant and as an employee of Mobilex. I agree that documents and knowledge he has about pricing are relevant without expressing an opinion on whether it would be admissible evidence at trial.

Plaintiff argues that McDonough is bound by contract not to reveal the identity of his clients and not to disclose their confidential business information. While his clients' confidential business information that he and they have developed and followed procedures to safeguard deserves protection, that information is not necessarily protected from discovery in this lawsuit. The information may be protected by an attorneys'-eyes-only provision, by redaction of the clients' name and irrelevant confidential information, by assigning a discrete identifier to each client, or by the like.

To test if there are responsive documents/information and, if so, to determine how it can be produced giving the most protection to the confidentiality of the information, plaintiff is ORDERED to make a supplemental response to Document Requests Nos. 24 and 25 and Interrogatory No. 10. If the names of clients are included in documents or required to respond to Interrogatory No. 10, they may be redacted and a unique identifier substituted for the name of the client.

Counsel will email me their proposed schedule for plaintiff to make the supplemental discovery responses, defendants' counsel to review them, counsel to consult about any continuing disputes in an attempt to resolve them, and for them to submit the dispute to me for resolution.

s/Mark R. Abel<br>
United States Magistrate Judge